FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 MAR 20 AM 9 58

U.S. DISTRICT COURT
N.D. OF ALABAMA

LEO CAIN, JR., )
 )
    Petitioner, )
 )
v. ) CIVIL ACTION NO 98 B-0838-S
 )
LEONEAL DAVIS, WARDEN; )
ATTORNEY GENERAL FOR )
THE STATE OF ALABAMA )
 )
    Respondents. )

ENTERED
MAR 2 0 2000

## MEMORANDUM OF OPINION

On July 7, 1999 the magistrate judge filed Findings and Recommendation in the above-styled case. (Document #9). On July 21, 1999 petitioner filed a Motion to Expand the Record (document #10). The motion was denied because no affidavits were attached to the motion. (Document #11). On August 2, 1999 petitioner filed the affidavits of Reginald J. Williams (document #12); Regina Howard (document #13); Lillie Marshall (document #15); and petitioner. Those affidavits had also been submitted as exhibits to a previous motion to expand (document #7) which was granted to the extent that it was considered as responsive to the order of July 13, 1998. (Document #8).

In the Findings and Recommendation (document #9) the magistrate judge concluded that petitioner's ineffective assistance of counsel claim was procedurally barred from federal review because the Alabama Court of Criminal Appeals held that the claim was procedurally barred from state appellate review. The magistrate judge further concluded that the ineffective assistance of appellate counsel could not constitute cause for petitioner's procedural default of his ineffective assistance of trial counsel claim because appellate counsel would not have been able to show that

17

the outcome of petitioner's trial would have been different if petitioner had been advised of his right to testify since petitioner merely argued that if he had taken the stand, he could have "explained it to the jury." The magistrate judge also concluded that the court should not consider the merits of the procedurally defaulted claim because petitioner failed to satisfy the fundamental miscarriage of justice/actual innocence exception by presenting new reliable evidence that was not presented at trial.

Petitioner argues that the affidavits submitted in support of the motions to expand the record support his allegations of innocence to the charges for which he was convicted. The affidavits, however, do not support petitioner's allegation of actual innocence. The affidavits do not show that petitioner did not engage in the conduct for which he was convicted. Rather, the affidavits state that petitioner and the robbery victim were living together as husband and wife until November, preceding the December 1993 incident.[1] Whether petitioner and the victim held themselves out as husband and wife is simply not relevant to the question of whether petitioner was guilty of robbery. Although petitioner is apparently attempting to argue here, as he did at trial, that the incident was simply a "domestic dispute" rather than robbery, there is nothing in Alabama's robbery statute that would prevent a defendant from being convicted of the robbery of his or her

---

[1] The victim testified that she and petitioner did not hold themselves out as husband and wife. (Tr. 130-33). Petitioner maintains that they did hold themselves out as husband and wife. The victim testified that they lived together until about six months before the incident (Tr.128) while petitioner alleges that they lived together until November 1993. Whether the petitioner and victim were married or not, it is clear that they had been estranged for at least a month before the incident that gave rise to the robbery charge.

2

spouse.[2]  *Cf., Haney v. State*, 603 So.2d 412 (Ala. 1992), *cert. denied*, 507 U.S. 925 (1993) (Defendant wife was convicted of the murder of her husband during a robbery).

On December 22, 1993 petitioner went to the home of the victim's parents, waited for the victim to leave the house, beat her with a big stick, knocked her down and took her purse which she was clutching. (Tr. 111-121). Following the incident, the victim was treated for head injuries, cuts and bruises. The treatment included a CAT scan and x-rays. (Tr. 123-24).

Petitioner has failed to satisfy the actual innocence exception which "requires the habeas petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' *[Murray v. Carrier*,] 477 U.S. [478,] at 496 [(1986)]." *Schlup*, 513 U.S. at 327. Specifically, petitioner has failed to show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. Petitioner has failed to carry this burden because petitioner's "new evidence" that the victim allegedly lied about whether she and petitioner were married and when they became estranged is not relevant to any of the elements of robbery or his involvement therein.

To the extent that petitioner's motion to expand the record and supporting affidavits (documents #10, #12, #13, #14 and #15) are construed as objections, the objections are due to be overruled.

---

[2]  Section 13A-8-41 provides in pertinent part:
    (a)    A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
        (1)    Is armed with a deadly weapon or dangerous instrument; or
        (2)    Causes serious physical injury to another.

Section 13A-8-43 provides in pertinent part:
    (a)    A person commits the crime of robbery in the third degree if in the course of committing a theft he:
        (1)    Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance.

A separate final judgment consistent with this Memorandum of Opinion will be entered simultaneously herewith.

DONE this the 20th day of March, 2000.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE